**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kia Harris,

                Plaintiff,

v.

United States of America,

                Defendant.

No. CV-26-00447-PHX-JZB

**ORDER**

Pending before the Court is Defendant's "Motion to Dismiss Plaintiff's Motion to Set Aside Declaration of Forfeiture" ("Motion to Dismiss").[1] (Doc. 11.) In the Motion, Defendant requests the Court dismiss "Plaintiff's Motion to Set Aside Declaration of Forfeiture" (doc. 1) because she received adequate notice of the administrative forfeiture process, her due process rights were not violated, and this Court lacks jurisdiction to review the merits of the administrative forfeiture action." (*Id.* at 1.) Plaintiff has filed a timely Response to Defendant's Motion to Dismiss. (Doc. 18.) Defendant has not filed a Reply, and the time for doing so has expired. The Court shall decide this matter on the parties' filings and without oral argument. For the following reasons, the Court shall grant Defendant's Motion to Dismiss.

**I.    SUMMARY.**

At the heart of this action is whether Defendant's forfeiture of $58,300.00 in U.S. currency (the "Property") seized from Plaintiff was statutorily and constitutionally proper.

---

[1]    All parties have consented to magistrate judge jurisdiction in this action. (Doc. 17.)

Plaintiff asserts that it was not for two reasons. First, she avers that the Notice of Seizure was constitutionally inadequate because the "requirement[s] for a '[j]udicial [c]laim' [are] relegated to" the second page of the Notice and it did not warn her a denial of a petition for remission is judicially unreviewable. (Doc. 1 at 2.) Second, she alleges that she was misinformed by U.S. Drug Enforcement Agency ("DEA") employee who told her that a "Petition for Remission online" was sufficient to contest the Defendant's seizure of the property in question. (*Id.*) Accordingly, Plaintiff requests the Court equitably toll the claim deadline to allow her to file a judicial claim.

The Court does not find Plaintiff's arguments availing. First, based on the facts, the Court does not find that the Notice of Seizure inadequately informed Plaintiff of the consequences of filing a petition for remission versus a claim. Second, the Court notes that, the decision to exercise equitable tolling is highly discretionary and must be exercised with restraint. To warrant equitable tolling, Plaintiff must show that an ***extraordinary*** circumstance stood in her way of filing a timely judicial claim. the Court finds that the alleged statements by an unidentified DEA employee did not equate an extraordinary circumstance preventing Plaintiff from filing a timely claim. Because Plaintiff received actual notice and equitable tolling is unwarranted, this Court lacks subject matter jurisdiction to hear this action. Hence, the Court shall grant Defendant's Motion to Dismiss.

**II.    BACKGROUND.**

Plaintiff initiated the instant action seeking to recover the Property seized by DEA agents at Phoenix Sky Harbor International Airport on October 17, 2024. (Doc. 1 at 1.)

On October 17, 2024, DEA agents, upon receiving information of Plaintiff's "suspicious travel itinerary," approached Plaintiff at Phoenix Sky Harbor. (Doc. 11 at 3–4.) Upon receiving consent to search her backpack and checked luggage, DEA agents searched through both. (*Id.* at 4.) During that search, the DEA agents found the Property at issue in this action—*i.e.*, $58,300.00 in U.S. currency.[2] (*Id.* at 4.) Plaintiff, at the time, asserted that the currency was intended to be a gift for a friend. (Doc. 1 at 11); (doc. 11-1

---

[2]    DEA agents additionally found a counterfeit $100 bill in her backpack. (Doc. 11-1 at 10.)

at 10.) The DEA agents did not find Plaintiff's statements legitimate or availing. (Doc. 11-1 at 10.) Additionally, DEA agents, following a positive alert from a trained narcotics canine, and due to several other indicators—including Plaintiff's inconsistent statements, quick turnover flight, and the packaging of the currency—determined, based upon the totality of the circumstances, that Property was derived from or related to drug trafficking. (*Id.*) Consequently, the DEA agents seized the property from Plaintiff. (*Id.* at 3.)

On December 11, 2024, the DEA sent Notices of Seizure to residential and business addresses that were owned or operated by "Kia Sumpter." (*Id.* at 4.) On December 16, 2024, a signed and undated receipt card was returned to the DEA. (*Id.*) Plaintiff states that she did in-fact receive one of the two December 11, 2024, Notices of Seizure. (*Id.* at 12.) Additionally, on December 23, 2024, the DEA posted the Notice of Seizure on the official government forfeiture website for a period of 30 consecutive days. (*Id.* at 4–5.)

The Notices of Seizure were two pages in length. (*Id.* at 23–24.) On the first page of the Notices, they state that "**THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE. TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**[.]" (*Id.* at 23) (emphasis in original). Under section I.A. on the first page, the Notice states that "[y]ou may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency." (*Id.*) On the second page, the Notices state that "**TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM**. *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil*." (*Id.* at 24) (emphasis in original). Further, the Notices under section II.A. state that "[a] claim must be filed to contest the forfeiture." (*Id.*) Finally, the Notices stated that a claim must be filed "by 11:59 PM EST

on January 15, 2025." (*Id.*) (emphasis omitted).

On January 1, 2025, the DEA received a Petition for Remission filed by Plaintiff Kia Harris.[3] (*Id.* at 5.) On an unspecified date and time between the initial seizure on October 17, 2024, and Plaintiff's filing of the Petition for Remission on January 1, 2025, Plaintiff alleges that she "contacted the DEA's office and was explicitly informed by staff that a 'Petition for Remission online' was the proper and sufficient filing to contest the legality of the seizure and secure a judicial hearing." (Doc. 1 at 2.) She does not provide any specific details of who she talked with beyond saying they were a "forfeiture staff member." (*Id.* at 12.) Plaintiff notes that "[a]t the time of the call, [she] had page (1) of the notice in front of [her] . . . [and that she] did not comprehend the legal significance of the subsequent pages." (*Id.* at 12.) Given this, Plaintiff alleges that she did not contemporaneously file a claim. (*Id.* at 2.)

On November 21, 2025, the government denied the Petition for Remission. (Doc. 11-1 at 8–12.) Plaintiff avers that she did not receive a denial letter regarding her Petition for Remission until January 10, 2026. (Doc. 1 at 12.)

Following the denial letter, Plaintiff initiated the instant action on January 26, 2026. (*Id.* at 1.) requesting the Court set aside Defendant's declaration of forfeiture due to insufficient notice and equitably toll the deadline for her to assert a claim. (*Id.* at 1–8.)

On March 11, 2026, the Defendant filed the instant Motion to Dismiss. (Doc. 11.) In the Motion, Defendant asserts that this Court lacks subject-matter jurisdiction over this action because Plaintiff received constitutionally adequate notice of the administrative forfeiture process. (*Id.* at 1.) Given the constitutionally adequate service, and seeing as Plaintiff filed a timely Petition for Remission, Defendant asserts that Plaintiff's claim is statutorily barred by 18 U.S.C. § 983(e). (*Id.* at 1–2.)

On April 14, 2026, Plaintiff filed her Response. (Doc. 18.) In her Response, Plaintiff contends that Defendant has improperly asserted that 18 U.S.C. § 983(e) bars jurisdiction. (*Id.* at 1.) Specifically, Plaintiff asserts that 18 U.S.C. § 983(e) is a "claim processing rule."

---

[3]     Neither party appends Plaintiff's Petition for Remission to their filings.

(*Id.*) Additionally, Plaintiff re-asserts that equitable tolling is warranted here. (*Id.*)

Defendant has not filed a reply, and the time for doing so has expired.

### III.    LEGAL STANDARDS.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" *Id.* Where a defendant believes that a Court lacks subject-matter jurisdiction over a complaint, they may file a Rule 12(b)(1) motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1). Because a plaintiff, by filing their complaint in federal court, is the one seeking to invoke federal jurisdiction, they bear the burden of establishing subject-matter jurisdiction. *See Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)). "Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction." *Okafor v. United States*, No. C 14-1002 LB, 2014 U.S. Dist. LEXIS 91339, at *6 (N.D. Cal. July 3, 2014) (citing Fed. R. Civ. P. 8(a)(1)).

A defendant may assert either a facial or factual attack on subject-matter jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "When resolving a facial attack, a court 'takes the allegations in the plaintiff's complaint as true.'" *Capehart v. United States*, No. ED CV 19-933-DMG (RAOx), 2019 U.S. Dist. LEXIS 165842, at *3 (C.D. Cal. Sep. 25, 2019) (citing *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005)). Regarding "a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Meyer*, 373 F.3d at 1039. With a factual challenge of subject-matter jurisdiction, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* Put simply, "Rule 12(b)(1) attacks on jurisdiction can be either facial,

confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Here, Defendant does not dispute the underlying facts alleged in Plaintiff's Complaint. However, they do challenge the allegations contained therein, supporting this challenge with additional evidence and a declaration that clarifies the record. Given this, Defendant's challenge here is a factual challenge of subject-matter jurisdiction under Rule 12(b)(1).

**IV.    DISCUSSION.**[4]

The crux of this matter is whether Plaintiff received proper notice[5] of seizure. This issue is dispositive here because, "[i]n the Ninth Circuit, [Civil Asset Forfeiture Reform Act ("CAFRA")] claims are barred from judicial review where 'Plaintiffs received proper notice of the proposed forfeiture' and pursued administrative petitions for remission instead of judicial proceedings." *Pardo v. United States Customs & Border Patrol*, No. 23-cv-649-W-DEB, 2024 U.S. Dist. LEXIS 12941, at *11 (S.D. Cal. Jan. 23, 2024) (citing *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)) (cleaned up). To answer this question, a review of CAFRA is warranted.

Under CAFRA, "[c]ivil asset forfeiture proceedings are governed by 18 U.S.C. § 983[.]" *Starwood Mgmt., LLC v. United States: Dep't of Justice Drug Enf't Agency*, No. CV-12-00289-TUC-CKJ, 2012 U.S. Dist. LEXIS 178750, at *4 (D. Ariz. Dec. 17, 2012). Where the value of the seized property is less than $500,000.00, the government must send written notice to all interested parties within 60 days and publish a notice of intent to administratively forfeit the property. 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1).

---

[4]    In adjudicating Defendant's Motion to Dismiss, the Court is mindful of the "entrenched principle that pro se filings 'however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.'" *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Hence, the Court shall construe Plaintiff's *pro se* filings liberally. *See Qazi*, 975 F.3d at 993.

[5]    The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of their property "without due process of law[.]" U.S. CONST. V. This means, at the very least, that a person "whose property interests are at stake are entitled to notice and an opportunity to be heard." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citation omitted).

An individual—such as Plaintiff—has two options where the government seeks to administratively forfeit the property in question. On the one hand, they may choose to file a claim. 18 U.S.C. § 983(a)(2)(A). "A claim need not be made in any particular form," but at a minimum, it must identify the property at issue, the person's interest in the property, and be made under oath. *Id.* § 983(a)(2)(C)–(D). "In order to elect a judicial proceeding, the party *must* file a claim with the seizing agency by the deadline set forth in the notice sent by the agency. *Okafor v. United States*, 846 F.3d 337, 339 (9th Cir. 2017) (citing 18 U.S.C. § 983(a)(2)(B)) (emphasis added). "[F]ailure to timely file a claim will result in a forfeiture." *Capehart v. United States*, No. ED CV 19-933-DMG (RAOx), 2019 U.S. Dist. LEXIS 165842, at *5 (C.D. Cal. Sep. 25, 2019) (citing 19 U.S.C. § 1609). On the other hand, a party may choose to file a "petition for remission or mitigation[.]" 28 C.F.R. § 9.3. "A petition for remission asks the agency for discretionary return of the property[.] *Salazar*, 646 F.3d at 1242 (citation omitted). By choosing to file a petition for remission, a party "waive[s] the opportunity for judicial forfeiture proceedings." *Id.* at 1243.

A party may choose to pursue either path. *Id.* However, "[t]he forfeiture statutes and regulations provide *alternative*, *not sequential*, administrative and legal remedies for an administrative forfeiture." *Id.* (quoting *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009)) (emphasis added). "If a party pursues the administrative path, files a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not received." *Salazar*, 646 F.3d at 1242. Put differently, "[o]nce a declaration of forfeiture has been issued, 'the exclusive remedy' for setting aside the declaration is a motion under 18 U.S.C. § 983(e)." *Okafor*, 846 F.3d at 339 (citing 18 U.S.C. § 983(e)(5)). Pursuant to that statutory provision:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
> > (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> * * *
>
> (5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

18 U.S.C. § 983(e)(1), (5).

Given the abovementioned legal authority, if Plaintiff received adequate notice, and if equitable tolling is unwarranted, this Court lacks subject-matter jurisdiction to adjudicate this action.[6] *See Pardo*, 2024 U.S. Dist. LEXIS 12941, at *11 ("Where plaintiffs pursue administrative remedies after notice, they will be deemed to have waived the opportunity for judicial forfeiture proceedings and their subsequent CAFRA complaint in district court is properly dismissed for lack of jurisdiction.").

**A. Notice**.

The Court first analyzes whether Plaintiff received notice in fact—*i.e.*, actual notice. Pursuant to CAFRA's text, setting aside the forfeiture would be warranted if: (a) the government knew of Plaintiff's interest in the Property but failed to take reasonable steps to provide written notice; (b) and if Plaintiff did not know of the seizure within sufficient time to file a claim. *See* 18 U.S.C. § 983(e)(1). "Because both prongs are required, a claimant's actual notice of the forfeiture proceeding is fatal[.]" *United States v. Qinghong Li*, No. 2:13-cr-0050-KJM, 2017 U.S. Dist. LEXIS 148610, at *5 (E.D. Cal. Sep. 12, 2017).

Here, neither party disputes that Plaintiff received written notice of the seizure. *See* (doc. 1 at 12); *see also* (doc. 11-1 at 4.) Nor does it appear in dispute that Plaintiff knew of the seizure within sufficient time to file a timely claim considering that she filed a timely

---

[6]  While Plaintiff correctly notes that the Ninth Circuit Court of Appeals in *Okafor* found that 18 U.S.C. § 983(e) was a claim-processing rule that did not place a jurisdictional bar upon seeking equitable tolling, *See Okafor*, 846 F.3d at 340, she is incorrect that *Okafor* precludes **any** jurisdictional challenges under CAFRA claims. *See* (doc. 18 at 3.) The exact issue in *Okafor* was whether a CAFRA claim under 18 U.S.C. § 983(e)—which Plaintiff basis her Complaint on, *see* (doc. 1 at 1)—precludes consideration of equitable tolling. *See Okafor*, 846 F.3d at 339–340. Put simply, are claims under 18 U.S.C. § 983(e) expressly limited to the two circumstances stated in § 983(e)(1)(A) and (1)(B)? The Ninth Circuit Court of Appeals' answer was no, a party can raise a challenge asserting equitable tolling even if the statute did not provide for such. *See id.* at 340. ***However, this does not mean a court has subject-matter jurisdiction over a CAFRA claim where notice was adequate and equitable tolling is unwarranted***.

Petition for Remission on January 1, 2025—a full 14 days before the deadline to file a claim. (Doc. 11-1 at 5, 24.) Instead, Plaintiff challenges the sufficiency of the written notice she received. (Doc. 1 at 2–3.) Specifically, Plaintiff avers that her Notice of Seizure was constitutionally insufficient for placing information on judicial claims on the second page and because it did not "warn in plain English that choosing the administrative route . . . results in a permanent waiver of the right to a judicial trial if the petition is denied." (*Id.* at 2.) The Court finds neither argument availing.

Turning first to Plaintiff's placement of information argument, the Court is unpersuaded that the government, by placing judicial claim information on the second page, has made the Notice of Seizure constitutionally or statutorily inadequate. As a general legal maxim, a party's failure to read a whole document does not render that document invalid. *See Roberson v. SMF, LLC*, No. CV-19-01240-PHX-SPL, 2020 U.S. Dist. LEXIS 210077, at *5 (D. Ariz. Nov. 10, 2020). The Court is, of course, mindful that this maxim is grounded in contract law, but, the underlying message is relevant nonetheless. Put simply, Plaintiff's failure to read the whole Notice of Seizure does not render it unconstitutional. *Cf. Juidice v. Vail*, 430 U.S. 327, 337 (1977) (noting, in the *Younger* abstention context, that plaintiffs "need be accorded only an opportunity to fairly pursue their constitutional claims . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate").

The Court is likewise unconvinced by Plaintiff's assertion that the Notice of Seizure was unclear. Although Plaintiff claims that the Notice did not warn, in plain English, that choosing the administrative route forecloses judicial review, (doc. 1 at 2), the actual Notice refutes her claim. As the Court noted above,[7] the Notice of service explicitly warned Plaintiff that, "to contest the forfeiture of this property in United States district court you must file a claim." (Doc. 11-1 at 24) (emphasis omitted). It goes on to state that "[i]f you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of

---

[7]     *See supra* section II.

this asset in any other proceeding, criminal or civil." (*Id.*) (emphasis omitted). Furthermore, the Notices of Seizure explicitly states, under section II.A., that "[a] claim must be filed to contest the forfeiture." (*Id.*)

The record demonstrates that Plaintiff was informed of the two distinct avenues of relief available, and that she needed to file a claim to seek judicial review. This is enough, pursuant to precedent, to make the Notice of Seizure constitutionally adequate. *See Phillips v. United States*, No. CV-09-8172-PCT-FJM, 2010 U.S. Dist. LEXIS 67186, at *6 (D. Ariz. July 2, 2010), *aff'd*, 465 F. App'x 700 (9th Cir. 2012). For example, in *Phillips*, the district court addressed whether the notice of seizure—albeit a previous and less detailed iteration than that before the Court, *see Phillips*, No. CV-09-8172-PCT-FJM, (doc. 15 at 3)—"did not adequately advise him of his options to contest the forfeiture in violation of his constitutional right to due process." *Phillips*, 2010 U.S. Dist. LEXIS 67186, at *5. The district court found the notice sufficient, reasoning that "[w]hile the notice did not specifically describe the differences between submitting a petition and submitting a claim, the notice clearly informed plaintiff that he had two distinct avenues of relief available." *Id.* at *6 (cleaned up). Upon appeal, the Ninth Circuit Court of Appeals affirmed the district court's decision. *Phillips v. United States*, 465 F. App'x 700, 701 (9th Cir. 2012).

For the foregoing reasons, the Court finds that the Notice of Seizure was constitutionally adequate.

**B. Equitable Tolling**.

While the Court finds that the Notice of Seizure was adequate, this does not end undersigned's analysis. Rather, the Court must now address whether equitable tolling is warranted.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Okafor*, 846 F.3d at 340 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling 'focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable

to obtain vital information bearing on the existence of his claim.'" *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) ("If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend to statute of limitations for filing suit until the plaintiff can gather what information he needs."). Equitable tolling "is limited to exceptional or unusual cases, and requires parties to exercise diligence in considering notices and the like." *Pert v. United States*, 487 F. App'x 396, 397 n.6 (9th Cir. 2012); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."). "[A] pro se [plaintiff's] lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Plaintiff alleges that, but-for being "actively misled by the government," she would have been able to file a timely judicial claim. (Doc. 1 at 7.) Specifically, Plaintiff avers that on a call with an unnamed DEA employee, on an unspecified date, and at an unspecified time, she was informed that filing a "Petition for Remission was the proper and sufficient way to challenge the forfeiture." (*Id.* at 12.) During this call, she specifically notes that she had only the first page of the Notice of Seizure—that is, the page that discusses petitions for remission—in front of her because she "did not comprehend the legal significance of the subsequent page[s]." (*Id.*) Even presuming the truthfulness of Plaintiff's allegations, which the Court is not required to do considering Defendant's assert a factual challenge, *Meyer*, 373 F.3d at 1039, the Court finds these vague assertions insufficient to warrant equitable tolling.

Now, it is possible that affirmative misconduct by the government could lead to equitable tolling. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (noting that "affirmative misconduct on the part of a defendant" may lead to equitable tolling); *see also Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207, 207–08 (9th Cir. 1981) ("A statute of limitations in some situations may be tolled if the defendant has

- 11 -

affirmatively sought to mislead the charging party."). However, to warrant equitable tolling due to alleged misconduct, the party would need to assert that misconduct with **specificity**. *Villasenor*, 640 F.2d at 207–08. For example, in *Villasenor*, the Ninth Circuit Court of Appeals upheld a district court's dismissal of a title VII action where the plaintiff could not state "precisely who had advised him not to proceed with his claim[.]" *Id.* at 208. In that case, the court specifically noted that "[b]ecause no evidence was presented to establish conduct on the part of the defendants that might cause a court of equity to intervene, the limitations period cannot be equitably tolled." *Id.*

This case is akin to the situation in *Villasenor*. Plaintiff has not, with specificity, pleaded who in the DEA told her that a petition for remission was sufficient, what date and time she called them, and what the DEA employee specifically said. Instead, Plaintiff's equitable tolling claim is predicated upon a 'he said she said' argument. Without any concrete facts, the Court cannot conclude that this is an exceptional or unusual case warranting equitable tolling.[8]

Furthermore, Plaintiff's own pleadings cut against her argument that any alleged government misconduct precluded her from filing a claim. In particular, Plaintiff's assertions that she did not comprehend the second page of the Notice of Seizure and had "tunnel vision" towards petitions for remission and mitigation, *see* (doc. 1 at 1, 12), is fatal to her claim because her "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154.

For the foregoing reasons, the Court does not find that equitably tolling the judicial claim deadline is warranted here.[9]

---

[8] Although the Court finds Plaintiff's lack of specificity sufficient to reject her misrepresentation argument, the argument might also be rejected on the ground that, in general, "one who relies on a legal interpretation by a governmental official assumes the risk that it is in error." *United States v. Browning*, 630 F.2d 694, 702 (10th Cir. 1980) ("It has also been held or said that the government could scarcely function if it were bound by its employees' unauthorized representations.") (citations omitted).

[9] As a final note, the Court does not find Defendant's assertions that Plaintiff could have sought legal advice and could have sought reconsideration pursuant to 28 C.F.R. § 9.3(j) availing. *See* (doc. 11 at 8.) The first argument presupposes that all individuals have necessary funds to acquire legal advice, or at the very least, that *pro bono* counsel may be available in all circumstances. But in reality, either or both presuppositions may not be available to all individuals. The second argument, although it was an option for Plaintiff to

## V.    CONCLUSION.

On the instant record, the Court finds that Plaintiff received notice in fact of the administrative forfeiture of the Property in question. Additionally, the Court does not find that this case is an exceptional or unusual case warranting equitable tolling of the claim deadline. Therefore, this Court, under CAFRA and Ninth Circuit precedent, is barred from reviewing Plaintiff's CAFRA claim, and shall accordingly dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. *See Salazar*, 646 F.3d at 1242–43; *see also Pardo*, 2024 U.S. Dist. LEXIS 12941, at *11 ("Where plaintiffs pursue administrative remedies after notice, they will be deemed to have waived the opportunity for judicial forfeiture proceedings and their subsequent CAFRA complaint in district court is properly dismissed for lack of jurisdiction.") (cleaned up).

Because the Court has dismissed Plaintiff's Complaint, it must now determine whether to grant leave to amend. Generally, "leave to amend should be liberally granted." *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990). But it would not be "an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Id.*

Although it is unclear whether Plaintiff may cure the defects in her Complaint noted above, the Court is unable to say with certainty that amendment is futile here. Therefore, the Court grants leave to file an amended complaint on or before July 3, 2026. Plaintiff is warned that failure to cure the abovementioned defects may lead to her amended complaint being dismissed with prejudice. Additionally, Plaintiff is put on notice that failure to file an amended complaint within that deadline will result in this action being dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (doc. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Aside Declaration of Forfeiture (doc. 1) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint on or

---

consider, is not eminently relevant towards her argument for equitable tolling of the claim deadline.

- 13 -

before **JULY 3, 2026**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on or before **JULY 3, 2026**, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice, and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 3rd day of June, 2026.

Honorable John Z. Boyle
United States Magistrate Judge