WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Kia Harris,
Plaintiff,
v.
United States of America,
Defendant.

No. CV-26-00447-PHX-JZB

**ORDER**

Pending before the Court is Defendant's "Motion to Dismiss." (Doc. 29.) In the Motion, Defendant alleges that: (1) equitable tolling of Plaintiff's judicial claim deadline is unwarranted; and (2) the Court lacks subject-matter jurisdiction over this action. (*Id.*) Plaintiff has filed a response in opposition. (Doc. 31.) No reply has been received, and the time for doing so has expired.

## I. SUMMARY OF CONCLUSIONS.

On October 17, 2024, Drug Enforcement Administration ("DEA") agents seized $53,800.00 in United States currency (the "Property") from Plaintiff at the Phoenix Sky Harbor International Airport pursuant to 21 U.S.C. § 881. (Doc. 11 at 1–3.) The DEA provided Plaintiff with written notice of the seizure and information on how to contest the forfeiture. (Doc. 11-1 at 15–16.) On December 11, 2024, Plaintiff received the Notices of Seizure, which stated her options for filing a claim to contest the forfeiture in United States District Court, filing a Petition for Remission or Mitigation to be decided by the seizing agency, or both. (Doc. 11-1 at 23–24.) Importantly, Plaintiff's deadline to file a judicial

claim was January 15, 2025. (Doc. 23 at 3–4.)

Plaintiff filed a timely Petition for Remission on January 1, 2025, but failed to file a judicial claim by the January 15, 2025, deadline. On November 21, 2025, Plaintiff's Petition for Remission was denied.

Plaintiff initiated the instant action on January 26, 2026, requesting the Court set aside Defendant's declaration of forfeiture (Doc. 1.) Therein, Plaintiff alleged that she received insufficient notice of her right to file a judicial claim and asked the Court to equitably toll the deadline due to "affirmative misinformation." (*Id.*) In its prior Order (doc. 23), the Court found Plaintiff received proper notice and that equitable tolling was unwarranted. (Doc. 23 at 13.) However, the Court granted Plaintiff leave to amend, giving her an opportunity to cure the defects in her Complaint. (*Id.*)

The Court finds that Plaintiff's Amended Complaint fails to cure the defects because it lacks specific evidence to support that this is an exceptional or unusual case necessitating equitable tolling. Consequently, the Court lacks subject-matter jurisdiction to hear this action. Therefore, the Court shall **grant** Defendant's Motion to Dismiss.

## II. BACKGROUND.

This case arises out of Plaintiff's action seeking to recover the Property seized by DEA agents at Phoenix Sky Harbor International Airport on October 17, 2024. (Doc. 23 at 2.) As the Court previously noted:

> On October 17, 2024, DEA agents, upon receiving information of Plaintiff's "suspicious travel itinerary," approached Plaintiff at Phoenix Sky Harbor[.] Upon receiving consent to search her backpack and checked luggage, DEA agents searched through both[.] During that search, the DEA agents found the Property at issue in this action—i.e., $58,300.00 in U.S. currency[.] Plaintiff, at the time, asserted that the currency was intended to be a gift for a friend[.] The DEA agents did not find Plaintiff's statements legitimate or availing[.] Additionally, DEA agents, following a positive alert from a trained narcotics canine, and due to several other indicators—including Plaintiff's inconsistent statements, quick turnover flight, and the packaging of the currency—determined, based upon the totality of the circumstances, that Property was derived from or related to drug trafficking[.] Consequently, the DEA agents seized the property from

> Plaintiff[.]
>
> On December 11, 2024, the DEA sent Notices of Seizure to residential and business addresses that were owned or operated by "Kia Sumpter[.]" On December 16, 2024, a signed and undated receipt card was returned to the DEA[.] Plaintiff states that she did in-fact receive one of the two December 11, 2024, Notices of Seizure[.] Additionally, on December 23, 2024, the DEA posted the Notice of Seizure on the official government forfeiture website for a period of 30 consecutive days[.]

(*Id.* at 2–3.)

In its previous Order, the Court granted Defendant's Motion to Dismiss and ordered Plaintiff's Motion to Set Aside Declaration of Forfeiture dismissed with leave to amend. (*Id.* at 13–14.) On June 30, 2026, Plaintiff filed a First Amended Motion to Set Aside Declaration of Forfeiture. (Doc. 24.) The sole issue here is whether equitable tolling of the judicial claim deadline is warranted.

## III. LEGAL STANDARDS.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" *Id.* Where a defendant believes that a Court lacks subject matter jurisdiction over a complaint, they may file a Rule 12(b)(1) motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1). Because a Plaintiff, by filing their complaint in federal court, is the one seeking to invoke federal jurisdiction, they bear the burden of establishing subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)). "Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction." *Okafor v. United States*, No. C 14-1002 LB, 2014 U.S. Dist. LEXIS 91339, at *6 (N.D. Cal. July 3, 2014) (citing Fed. R. Civ. P. 8(a)(1)).

"In the Ninth Circuit, [Civil Asset Forfeiture Reform Act ("CAFRA")] claims are barred from judicial review where 'Plaintiffs received proper notice of the proposed forfeiture' and pursued administrative petitions for remission instead of judicial proceedings." *Pardo v. U.S. Customs & Border Patrol*, No. 23-cv-649 W-DEB, 2024 U.S.

Dist. LEXIS 12941, at *11 (S.D. Cal. Jan. 23, 2024) (citing *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)) (cleaned up). Under CAFRA, "[c]ivil asset forfeiture proceedings are governed by 18 U.S.C. § 983[.]" *Starwood Mgmt., LLC v. U.S.: Dep't of Justice Drug Enf't Agency*, No. CV-12-00289-TUC-CKJ, 2012 U.S. Dist. LEXIS 178750, at *4 (D. Ariz. Dec. 17, 2012).

An individual—such as Plaintiff—has two options where the government seeks to administratively forfeit the property in question. On the one hand, they may choose to file a judicial claim. 18 U.S.C. § 983(a)(2)(A). "A claim need not be made in any particular form," but at a minimum, it must identify the property at issue, the person's interest in the property, and be made under oath. *Id.* § 983(a)(2)(C)–(D). "In order to elect a judicial proceeding, the party ***must*** file a claim with the seizing agency by the deadline set forth in the notice sent by the agency. *Okafor v. United States*, 846 F.3d 337, 339 (9th Cir. 2017) (citing 18 U.S.C. § 983(a)(2)(B)) (emphasis added). "[F]ailure to timely file a claim will result in a forfeiture." *Capehart v. United States*, No. ED CV 19-933-DMG (RAOx), 2019 WL 8198212, at *2, 2019 U.S. Dist. LEXIS 165842, at *5 (C.D. Cal. Sep. 25, 2019) (citing 19 U.S.C. § 1609). On the other hand, a party may choose to file a "petition for remission or mitigation[.]" 28 C.F.R. § 9.3. "A petition for remission asks the agency for discretionary return of the property[.]" *Salazar*, 646 F.3d at 1242 (citation omitted). By choosing to file a petition for remission, a party "waive[s] the opportunity for judicial forfeiture proceedings." *Id.* at 1243. "Once a declaration of forfeiture has been issued, 'the exclusive remedy' for setting aside the declaration is a motion under 18 U.S.C. § 983(e)." *Okafor*, 846 F.3d at 339 (quoting 18 U.S.C. § 983(e)(5)).

## IV. DISCUSSION.

This Court lacks subject-matter jurisdiction to adjudicate this action if it finds that Plaintiff received adequate notice of her right to file a judicial claim and if equitable tolling is not warranted. *See Pardo*, 2024 U.S. Dist. LEXIS 12941, at *11 ("Where plaintiffs pursue administrative remedies after notice, they will be deemed to have waived the opportunity for judicial forfeiture proceedings and their subsequent CAFRA complaint in

district court is properly dismissed for lack of jurisdiction."). At issue here is whether equitable tolling of the judicial claim deadline is warranted.[1]

The Court has equitable jurisdiction to toll a statutory deadline. *See Okafor*, 846 F.3d at 339. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Okafor*, 846 F.3d at 340 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is limited to ***exceptional or unusual cases***, and requires parties to exercise diligence in considering notices and the like." *Pert v. United States*, 487 F. App'x 396, 397 n.6 (9th Cir. 2012) (emphasis added); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only ***sparingly***.") (emphasis added).

It is possible that affirmative government misconduct could lead to equitable tolling. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (noting that "affirmative misconduct on the part of a defendant" may lead to equitable tolling, but holding that this was not a case "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction" because Plaintiff "was told three times what she must do to preserve her claim, and she did not do it"); *see also Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207, 207–208 (9th Cir. 1981) ("A statute of limitations in some situations may be tolled if the defendant has affirmatively sought to mislead the charging party."). However, to warrant equitable tolling due to alleged misconduct, the party would need to assert that misconduct with ***specificity***. *Villasenor*, 640 F.2d at 207–08 (emphasis added) (upholding a district court's dismissal of a title VII action where the plaintiff could not state "precisely who had advised him not to proceed with his claim[.]").

A defendant may assert either a facial or factual attack on subject-matter jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[1] As the Court previously noted, notice is not at issue and will not be discussed here. *See* (doc. 23.)

With a factual attack on jurisdiction, "[t]he court need not presume the truthfulness of the plaintiff's allegations" and "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* On the other hand, in a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1052 n.2 (9th Cir. 2003). Because Defendant challenges the allegations contained within Plaintiff's Amended Complaint, they have asserted a factual challenge of subject-matter jurisdiction under Rule 12(b)(1). *See* (doc. 29.)

The Court is not required to presume the truthfulness of Plaintiff's allegations because Defendant asserts a factual challenge. *Meyer*, 373 F.3d at 1039. But even presuming the truthfulness of Plaintiff's allegations, the Court finds these vague assertions insufficient to warrant equitable tolling. Plaintiff's pleading does not state with specificity the name of the DEA agent she spoke with nor does Plaintiff include that agent's "evasive conduct" and misleading statements. *See generally* (doc. 24.) The Ninth Circuit has held that equitable tolling is improper despite a plaintiff's allegations of being misled if the plaintiff cannot provide specific evidence. *See Villasenor*, 640 F.2d at 208; *see also Diaz v. Safeway Inc.*, No. C-07-01902 RMW, 2007 U.S. Dist. LEXIS 74147, at *14 (N.D. Cal. Sep. 21, 2007) (finding no basis for tolling where the allegation, at most, supports that the Union provided information negligently, but fails to show "affirmative misconduct"). Thus, Plaintiff fails to support the existence of an extraordinary circumstance under *Okafor*. (Doc. 24 at 2.)

Turning to the *Okafor* elements, the Court first finds that Plaintiff has not established the first element—that she "diligently pursue[d] h[er] rights"—because her communications with the DEA occurred ***after the claim deadline***. *See Okafor*, 846 F.3d at 340 (emphasis added). In supporting her claim that she was diligent, Plaintiff provides, in

her Amended Complaint, Plaintiff's includes the specific dates that she contacted a DEA agent and the phone number of that DEA agent. (Doc. 24. at 2–3.) Petitioner also includes an email she sent to the DEA Phoenix Asset Forfeiture Unit on June 30, 2025. (*Id.*) The Court notes that Plaintiff filed her Petition for Remission on January 1, 2025, and that her deadline to file a judicial claim was January 15, 2025. *See* (doc. 23 at 3–4.) Plaintiff sent her June 30, 2025, email five months after the claim deadline. (Doc. 24 at 8.) Plaintiff's alleged phone call with the unnamed DEA agent and subsequent text messages on January 5 and 9, 2026, respectively, were almost a year after the claim deadline. Thus, the Court does not find that Plaintiff was diligent in pursuing her rights.

Moreover, the Court does not find that Plaintiff, under the second *Okafor* element, has established that an extraordinary circumstance stood in her way for two reasons. First, the record establishes a dearth of evidence showing that there was any affirmative government action before the claim deadline which prevented her from filing a timely judicial claim given that all the conduct Plaintiff complains of occurred well after the claim deadline. Second, and in any event, Plaintiff, by relying on the statements of a government official, assumed the risk in doing so. In other words, "one who relies on a legal interpretation by a governmental official assumes the risk that it is in error." *United States v. Browning*, 630 F.2d 694, 702 (10th Cir. 1980) ("It has also been held or said that 'the government could scarcely function if it were bound by its employees' unauthorized representations.'") (quoting *Goldberg v. Weinberger*, 546 F.2d 477, 481 (2d Cir. 1976), *cert. denied*, 431 U.S. 937 (1977)).

For the foregoing reasons, Plaintiff fails to show that this is an exceptional or unusual case warranting equitable tolling of the judicial claim deadline. Therefore, under CAFRA and Ninth Circuit precedent, this Court is barred from reviewing Plaintiff's CAFRA claim and shall accordingly dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction. *See Salazar*, 646 F.3d at 1242–43; *see also Pardo*, 2024 U.S. Dist. LEXIS 12941, at *11 ("Where plaintiffs pursue administrative remedies after notice, they will be deemed to have waived the opportunity for judicial forfeiture proceedings and

their subsequent CAFRA complaint in district court is properly dismissed for lack of jurisdiction.") (cleaned up).

**V. CONCLUSION.**

On the instant record, the Court finds that this is not an exceptional or unusual case warranting equitable tolling of the claim deadline. Therefore, the Court shall grant Defendant's Motion to Dismiss and dismiss Petitioner's Amended Complaint. Given that Plaintiff has been afforded a prior opportunity to amend, the Court shall not grant leave to amend here. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (doc. 24) is **DISMISSED** with prejudice. The Clerk of Court is kindly directed to enter judgment in this action and terminate this case.

Dated this 22nd day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge